**Concurring Opinion on Denial of En Banc Reconsideration filed January 30, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00186-CV**
**NO. 14-23-00208-CV**

---

**IN THE INTEREST OF C.J.B., A CHILD**
**IN THE INTEREST OF T.A.B., A CHILD**

---

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 2021-01521J, 2021-01521J-B**

---

## CONCURRING OPINION

Appellant Father filed a motion for en banc reconsideration asking this court to reverse the trial court's judgment terminating his parental rights. In seeking en banc review Father asserts that the trial court's findings under the Indian Child Welfare Act (ICWA) were tainted by the inclusion of findings under the Family Code. Father asserts that this court's authority in *In re W.D.H.*, 43 S.W.3d 30, 33–38 (Tex. App.—Houston [14th Dist.] 2001, pet. denied), expressly prohibits the

disregard of erroneous findings in this case. I concur in the denial of Father's motion for en banc reconsideration because I disagree with this court's holding in *In re W.D.H.*, and urge this court reverse our precedent in a proper case.

In each of the cases, the trial court signed a judgment terminating the parent-child relationship between Father and the child.[1] In each judgment the trial court made findings under the Family Code, including findings of predicate grounds of endangerment, and failure to follow a family service plan. *See* Tex. Fam. Code 161.001(b)(1)(D),(E), and (O). The trial court further found that termination of the parent-child relationship between Father and the child was in the child's best interest. *See* Tex. Fam. Code 161.001(b)(2) (collectively, Family Code findings). In each judgment the trial court also made findings under subsections (d) and (f) of section 1912 of the ICWA (ICWA findings). Under section 1912(d), the trial court found that "the Department made active efforts to provide remedial services and rehabilitation programs designed to prevent the breakup of the Indian family and these efforts proved unsuccessful." Under section 1912(f), the trial court found, "[t]hat evidence demonstrates a causal connection between the reasons for removal and the likelihood that the continued custody of the [Child] is likely to result in serious emotional or physical damage to the child." In each judgment the trial court appointed the Department as the child's sole managing conservator.

Father timely appealed each judgment, and a divided panel of this court affirmed the judgments of termination. *In re C.J.B.*, No. 14-23-00186-CV & 14-23-00208-CV, 2023 WL 5963385, at *7 (Tex. App.—Houston [14th Dist.] Sept. 14, 2023, no pet. h.). Two members of the panel held that under this court's binding precedent in *In re W.D.H.*, the trial court erred by making the Family Code findings,

---

[1] Each judgment also terminated the parent-child relationship between Mother and the child, but today's appeals involve only appeals by Father.

2

but that error was not reversible. *Id.* The dissent asserted that while it is "generally appropriate for an appellate court to ignore a trial court's erroneous findings," it was inappropriate to do so in this case because those erroneous findings are expressly prohibited by this court's precedent in *In re W.D.H. Id.* at *7 (Hassan, J., dissenting).

**The Indian Child Welfare Act**

In 1978, the United States Congress enacted the ICWA out of concern that "an alarmingly high percentage of Indian families are broken up by the removal, often unwarranted, of their children from them by nontribal public and private agencies." 25 U.S.C. §1901(4). Congress found that many of these children were being "placed in non-Indian foster and adoptive homes and institutions," and that the states had contributed to the problem by "fail[ing] to recognize the essential tribal relations of Indian people and the cultural and social standards prevailing in Indian communities and families." 25 U.S.C. §1901(4)(5); *Haaland v. Brackeen*, 599 U.S. 255, 265 (2023). This harmed not only Indian parents and children, but also Indian tribes. *Haaland*, 599 U.S. at 265. As Congress put it, "there is no resource that is more vital to the continued existence and integrity of Indian tribes than their children." 25 U.S.C. §1901(3); *Haaland*, 599 U.S. at 265.

The ICWA aims to keep Indian children connected to Indian families. *Haaland*, 599 U.S. at 265. If an Indian child lives on a reservation, the ICWA grants the tribal court exclusive jurisdiction over all child custody proceedings, including adoptions and foster care proceedings. *See* 25 U.S.C. §1911(a); *Haaland*, 599 U.S. at 265. For Indian children who do not live on a reservation, state and tribal courts exercise concurrent jurisdiction, although the state court is sometimes required to transfer the case to tribal court. *See* 25 U.S.C. §1911(b); *Haaland*, 599 U.S. at 265–66. When a state court adjudicates the termination proceeding, the ICWA governs "from start to finish." *Haaland*, 599 U.S. at 266.

Among the ICWA safeguards that apply to termination of parental rights proceedings in state court is the requirement in section 1912(f) that "[n]o termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." 25 U.S.C. §1912(f); *Haaland*, 599 U.S. at 266. The issue Father raises is whether a trial court in a Texas termination proceeding to which the ICWA applies can make the finding under section 1912(f) of the ICWA (Section 1912(f) finding) as well as the Family Code findings or whether a trial court should make only the Section 1912(f) finding. *See* 25 U.S.C. §1912(f); Tex. Fam. Code 161.001(b).

### *In re W.D.H.*

In *In re W.D.H.*, a panel of this court held that the trial court erred in terminating a parent's rights in the absence of a Section 1912(f) finding. *In re W.D.H.*, 43 S.W.3d at 38. Two members of that panel went on to hold that the Family Code provisions conflicted with the ICWA and were thus preempted by the ICWA. *Id.* The majority of the panel concluded that "it was improper for the trial court to base its findings regarding termination on the Family Code" and reversed the judgment of termination remanding for proceedings consistent with the opinion. *Id.* at 39. In a concurring opinion, the third member of the panel opined that the ICWA and the Family Code should be construed in harmony. *Id.* at 40 (Wittig, J., concurring).

In *In re W.D.H.*, the trial court terminated a father's parental rights in a case to which the ICWA applied. *See In re W.D.H.*, 43 S.W.3d at 33. The trial court did not make a Section 1912(f) finding; instead, the trial court made Family Code

findings under the beyond-a-reasonable-doubt burden of proof, rather than the clear-and-convincing-evidence burden of proof that applies to these findings under the Family Code. *See id.* at 35. On appeal the father argued that the trial court erred by not applying the standard for termination of parental rights in section 1912(f) of the ICWA instead of the standard for termination of parental rights in section 161.001(b) of the Family Code. *See id.* at 33. Two justices agreed with the father that the trial court had committed this error. *See id.* The majority in *In re W.D.H.* reasoned:

> [t]he requirement under the Family Code that termination of the parent's rights must be in the best interest of the child is based on the "Anglo" standard for determining the best interest of the child. When state courts make a determination regarding the best interest of the child, "they obviously consider the factors from their own perspective, that is, an Anglo–American point of view." Therefore, we conclude that it is not possible to comply with both the two-prong test of the Family Code, which requires a determination of the best interest of the child under the "Anglo" standard, and the ICWA, which views the best interest of the Indian child in the context of maintaining the child's relationship with the Indian Tribe, culture, and family.

*Id.* at 37 (internal citations and footnote omitted).

Since the issuance of *In re W.D.H.*, the decision that the ICWA preempts the Family Code in parental termination cases has not been followed by this court and has been rejected by four of our sister courts of appeals. *See In re J.L.C.*, 582 S.W.3d 421, 429 (Tex. App.—Amarillo 2018, pet. denied); *In re S.P.*, No. 03-17-00698-CV, 2018 WL 1220895, at *2 (Tex. App.—Austin Mar. 9, 2018, no pet.) (mem. op.); *In re G.C.*, No. 10-15-00128-CV, 2015 WL 4855888, at *1–2 (Tex. App.—Waco Aug. 13, 2015, no pet.) (mem. op.); *In re K.S.*, 448 S.W.3d 521, 530–33 (Tex. App.—Tyler 2014, pet. denied). The parties have not cited and research has not revealed (1) an opinion from the Supreme Court of the United States, the Supreme Court of Texas, or this court sitting en banc that addresses this issue; or (2) an intervening

and material change in the statutory law.

**Preemption**

Under the Supremacy Clause of Article VI of the United States Constitution, Congress has the power to preempt state law. *R.R. Comm'n of Tex. v. Lone Star Gas Co.*, 844 S.W.2d 679, 690 (Tex. 1992). State action may be preempted by express language in a congressional enactment, by implication from the depth and breadth of a congressional scheme that occupies the legislative field, or by implication because of a conflict with a congressional enactment. *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 541 (2001). When Congress legislates in a field traditionally occupied by the states, such as family law, there is a presumption against preemption. *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 151 (2001). We read state law provisions in harmony with federal law unless the state law provisions stand as an obstacle to the accomplishment and execution of congressional objectives, i.e., the ICWA. *See id.*; *see also Caller–Times Publ'g Co., Inc. v. Triad Commc'n, Inc.*, 826 S.W.2d 576, 581 (Tex. 1992).

The ICWA establishes the "minimum Federal standards" for the removal and placement of Indian children. 25 U.S.C. § 1902. Additionally, Section 1921 provides that state law, rather than federal law, shall be applied if it "provides a higher standard of protection" to the rights of the parent or Indian child custodian. *See* 25 U.S.C. § 1921. The Bureau of Indian Affairs created guidelines for state courts to use in Indian child custody proceedings to assist with the interpretation of the ICWA. *See* Bureau of Indian Affairs Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed. Reg. 67,584 (Nov. 26, 1979). The Guidelines direct that any ambiguities between the ICWA and all regulations, guidelines, and state statutes relating to the ICWA shall be resolved in favor of the result that is most consistent with the ICWA's preferences of keeping Indian children with their families or other

Indian families. BIA Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed. Reg. at 67,586.

In enacting the ICWA, Congress found that the states often failed to recognize the essential tribal relations of Indian people and the cultural and social standards prevailing in Indian communities and families. *See* 25 U.S.C. § 1901(5). Nevertheless, it did not expressly state that by enacting the ICWA it was preempting state law concerning child custody proceedings or that it intended for the ICWA to occupy the area of child custody proceedings completely. *See In re J.J.C.*, 302 S.W.3d 896, 899 (Tex. App.—Waco 2009, no pet.). Accordingly, we must presume that Congress did not intend to preempt the Family Code when it enacted the ICWA. *See Egelhoff*, 532 U.S. at 151; *Lone Star Gas Co.*, 844 S.W.2d at 691. In addressing the preemption issue, we compare the Family Code provisions relating to the termination of the parent-child relationship with the pertinent ICWA provisions to determine whether the Family Code serves as an obstacle to the accomplishment and execution of the objectives Congress sought to accomplish. *See Egelhoff*, 532 U.S. at 151; *Lone Star Gas Co.*, 844 S.W.2d at 691.

The ICWA and the Family Code address similar interests when a child is removed from their home because both statutes seek to protect the best interests of the child and to preserve family stability. *See* 25 U.S.C. § 1902; Tex. Fam. Code §§ 263.3026(b), 263.307. The ICWA seeks to achieve this goal by requiring "active efforts" to prevent the breakup of the Indian family and proof beyond a reasonable doubt that "the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." *See* 25 U.S.C. § 1912(d),(f). The Family Code seeks to achieve this goal by requiring "reasonable efforts" to make it possible to return the child to the home and requiring clear and convincing evidence that (1) the parent has engaged in conduct described in section

161.001(b)(1) of the Family Code and that (2) termination of the parent-child relationship is in the child's best interest. *See* Tex. Fam. Code §§ 161.001, 262.001(b); *see also* Tex. Fam. Code § 263.307(b) (listing best interest factors).

Several courts in other states apply state termination grounds concurrently with termination grounds under the ICWA. *See In re K.S.*, 448 S.W.3d 521, 532 (Tex. App.—Tyler 2014, pet. denied) (collecting cases). The concurrent application of the Family Code to proceedings involving Indian children provides additional protection to parents of Indian children because it requires the party seeking termination to prove state and federal grounds before the parent-child relationship may be terminated. *See* 25 U.S.C. § 1921; *see also In re K.S.*, 448 S.W.3d at 532. When aggravated circumstances exist and reasonable efforts for reunification are not required by the Family Code, the ICWA requirements must still be satisfied because they provide a different degree of protection than state law. *See* 25 U.S.C. §§ 1914, 1921; Tex. Fam. Code § 262.2015.

The Family Code is not preempted each time an Indian child is involved in a child custody proceeding in Texas, namely a suit involving the termination of the parent-child relationship. *In re K.S.*, 448 S.W.3d at 533; *see, e.g., In re Denice F.*, 658 A.2d 1070, 1072 (Me 1995) ("The state grounds for termination of parental rights, unaffected by the ICWA, provide a supplemental degree of protection to parents facing a petition for termination of parental rights.").

In this case, because the trial court's error in making Family Code findings was not reversible, it is inappropriate to revisit our precedent in *In re W.D.H.*. In an appropriate case, I would overrule this court's holding that the ICWA preempts the Family Code.

With these additional thoughts, I concur in the court's denial of Father's motion for en banc reconsideration.

/s/    Jerry Zimmerer
Justice

En Banc Court consists of Chief Justice Christopher, and Justices Wise, Jewell, Bourliot, Zimmerer, Spain, Hassan, Poissant, and Wilson. Justice Zimmerer authored the Concurring Opinion on Denial of En Banc Reconsideration.